

**FILED**
**Apr 25, 2018**
**01:51 PM(CT)**
**TENNESSEE COURT OF**
**WORKERS' COMPENSATION**
**CLAIMS**



# TENNESSEE BUREAU OF WORKERS' COMPENSATION
## IN THE COURT OF WORKERS' COMPENSATION CLAIMS
## AT MURFREESBORO

| | | |
|---|---|---|
| **ANGELA DOUGLAS,** | ) | **Docket No. 2017-05-0990** |
| **Employee,** | ) | |
| **v.** | ) | |
| | ) | |
| **ADIENT US, LLC,** | ) | **State File No. 66160-2017** |
| **Employer,** | ) | |
| **And** | ) | |
| | ) | |
| **OLD REPUBLIC INS. CO.,** | ) | **Judge Dale Tipps** |
| **Carrier.** | ) | |

---

### EXPEDITED HEARING ORDER
### DENYING BENEFITS
### *(DECISION ON THE RECORD)*

---

This matter came before the undersigned workers' compensation judge on April 23, 2018, on Angela Douglas' Request for Expedited Hearing. The present focus of this case is whether Ms. Douglas is entitled to medical benefits. The central legal issues are whether Ms. Douglas gave adequate notice of her alleged injury and whether she is likely to prove at a hearing on the merits that she suffered an injury arising primarily out of and in the course and scope of her employment. For the reasons below, the Court holds Ms. Douglas is likely to prevail on the issue of notice but not on whether she suffered an injury arising primarily out of and in the course and scope of her employment.

### History of Claim

Ms. Douglas alleged in her affidavit that she suffered a left-knee injury while working for Adient at the end of July 2017. She described working two separate jobs, Cushion Start and Cushion Install, on the day of her injury because the company had a visitor from Nissan, for whom Adient built car seats. When she turned to return to Cushion Start, she felt a pop in her left knee. Over the following week, Ms. Douglas'

1

knee began "giving her trouble," and she started icing it during her work breaks.

During a medical checkup on August 21, Ms. Douglas said she told her personal physician, Dr. Dana Chandler, that she injured her knee at work. The next day, Ms. Douglas reported the injury to Human Resources and filled out an injury report. Adient subsequently denied the claim, and Ms. Douglas sought treatment on her own with Dr. Cason Shirley.

Dr. Chandler's August 21 record showed that Ms. Douglas appeared for her annual exam and reported: "an approximately 3 week history of left knee pain – described as sharp severe – there has been no overt trauma, her pain is much worse with going up or down stairs, and she states her knee will just give out sometimes." When Ms. Douglas returned on October 16, she reported a specific twisting injury at work in early August.

Dr. Shirley's October 19 record gave a July 24 onset date when Ms. Douglas "was putting a cushion in a seat and twisted her knee and it popped." He diagnosed a medial meniscus tear and gave her a lidocaine injection.

Ms. Douglas filed a Petition for Benefit Determination (PBD) seeking medical treatment. The parties did not resolve the issues through mediation, and the mediating specialist filed a Dispute Certification Notice. Ms. Douglas filed a Request for Expedited Hearing seeking a decision on the record without an evidentiary hearing. The Court issued a Docketing Notice identifying the documents it received for review and providing the parties an opportunity to file objections to the admissibility of any of those documents. Neither party filed an objection, and the Court took up the hearing request on April 23.

Adient contended that Ms. Douglas cannot establish that her condition arose primarily out of and in the course of her employment. It also argued that Ms. Douglas' claim is barred because she failed to provide proper notice of an injury.

### Findings of Fact and Conclusions of Law

Ms. Douglas need not prove every element of her claim by a preponderance of the evidence to obtain relief at an expedited hearing. Instead, she must present sufficient evidence that she is likely to prevail at a hearing on the merits. *See* Tenn. Code Ann. § 50-6-239(d)(1) (2017); *McCord v. Advantage Human Resourcing*, 2015 TN Wrk. Comp. App. Bd. LEXIS 6, at *7-8, 9 (Mar. 27, 2015).

*Notice*

Tennessee Code Annotated section 50-6-201(a)(1) provides that an injured

employee must give written notice of an injury within fifteen days unless it can be shown that the employer had actual knowledge of the accident or that "reasonable excuse for failure to give the notice is made to the satisfaction of the tribunal." Ms. Douglas submitted no proof that she provided written notice of an injury within fifteen days. Likewise, she offered no proof that Adient had actual knowledge of her alleged injury.

However, the Court finds it unnecessary to resolve the question of notice because Adient presented no evidence of any prejudice to its ability to defend this claim. Tennessee Code Annotated section 50-6-201(a)(3) provides that failure to give notice will not bar a claim unless the employer can show it was prejudiced by the lack of notice. Without any evidence on this issue, the Court cannot find Ms. Douglas' alleged failure to report the injury resulted in any prejudice to Adient, such as a serious impediment to investigating the claim. This is especially true, since Adient received written notice of the alleged injury when Ms. Douglas filed her accident report on August 22. Therefore, the Court finds that Ms. Douglas appears likely to prevail at a hearing on the merits on the notice issue.

*Causation*

Ms. Douglas must show that her alleged injuries arose primarily out of and in the course and scope of her employment. To do so, she must show her injury arose primarily out of a work-related incident, or specific set of incidents, identifiable by time and place of occurrence. Further, she must show, "to a reasonable degree of medical certainty that it contributed more than fifty percent (50%) in causing the . . . disablement or need for medical treatment, considering all causes." "Shown to a reasonable degree of medical certainty" means that, in the opinion of the treating physician, it is more likely than not considering all causes as opposed to speculation or possibility. *See* Tenn. Code Ann. § 50-6-102(14).

Adient filed affidavits of several of its employees. None of these is particularly persuasive, as they consist primarily of statements that Ms. Douglas didn't report a work injury until August 22, speculation on alternative causes of the injury, legal arguments as to whether any work duty caused the injury, and disputes over whether Ms. Douglas identified the correct date of injury.[1] Nonetheless, applying the above principles, the Court cannot find at this time that Ms. Douglas is likely to meet her burden of proof.

Regarding the requirement of a work-related incident "identifiable by time and place of occurrence," the exhibits submitted do not support Ms. Douglas' contention that she suffered a discrete, identifiable injury on July 24, 2017. The first medical record to mention Ms. Douglas' knee pain specified "no overt trauma." Later, Dr. Shirley noted

---

[1] The Court recognizes that Adient questions the correct date of the alleged injury but is not persuaded that an approximate or estimated date is necessarily insufficient to establish causation.

3

that Ms. Douglas' injury occurred while she "was putting a cushion in a seat and twisted her knee and it popped." Both of these notations are inconsistent with Ms. Douglas' statement that she felt a pop in her knee "as I turn[ed] to go back to Cushion Start."

Additional information or live testimony sometimes resolves these types of inconsistencies. However, Ms. Douglas chose to have this matter resolved on the record and, weighing the conflicting information before it at this time, the Court is unable to conclude that she is likely to identify a specific incident by time and place of occurrence.

**IT IS, THEREFORE, ORDERED** as follows:

1. Ms. Douglas' claim against Adient and its workers' compensation carrier is denied at this time.

2. This matter is set for a Scheduling Hearing on June 13, 2018, at 9:00 a.m. You must call 615-741-2112 or toll-free at 855-874-0473 to participate. Failure to call may result in a determination of the issues without your further participation. All conferences are set using Central Time (CT).

**ENTERED this the 25th day of April, 2018.**

_____
**Judge Dale Tipps**
**Court of Workers' Compensation Claims**

**APPENDIX**

Exhibits:
1. Affidavit of Angela Douglas
2. October 19, 2017 office note from Mid-Tennessee Bone and Joint Clinic
3. Notice of Denial of Claim for Compensation dated September 12, 2017
4. Medical bill from Mid-Tennessee Bone and Joint Clinic
5. Final Notice of balance due from Maury Regional Medical Center
6. Adient Injured Employee Information Form
7. Records from Williamson Medical Group
8. Affidavit of David A. (Bo) Miller
9. Affidavit of Steve Williams
10. Affidavit of Aaron Cowart
11. Affidavit of Tony Simeri

Technical record:
1. Petition for Benefit Determination
2. Dispute Certification Notice
3. Request for Expedited Hearing
4. Docketing Notice
5. Employer's Position Statement

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the Expedited Hearing Order was sent to the following recipients by the following methods of service on this the 25th day of April, 2018.

| Name | Certified Mail | Fax | Email | Service sent to: |
|------|------|------|------|------|
| Angela Douglas, Employee | X | | X | 108 East Merchant St. Mt. Pleasant, TN 38474 angeladouglass2009@yahoo.com |
| Kitty Boyte, Employer's Attorney | | | X | kboyte@constangy.com |

_____
**Penny Shrum, Clerk of Court**
**Court of Workers' Compensation Claims**
**WC.CourtClerk@tn.gov**



## Expedited Hearing Order Right to Appeal:

If you disagree with this Expedited Hearing Order, you may appeal to the Workers' Compensation Appeals Board. To appeal an expedited hearing order, you must:

1. Complete the enclosed form entitled: "Expedited Hearing Notice of Appeal," and file the form with the Clerk of the Court of Workers' Compensation Claims *within seven business days* of the date the expedited hearing order was filed. When filing the Notice of Appeal, you must serve a copy upon all parties.

2. You must pay, via check, money order, or credit card, a **$75.00 filing fee** *within ten calendar days* after filing of the Notice of Appeal. Payments can be made in-person at any Bureau office or by U.S. mail, hand-delivery, or other delivery service. In the alternative, you may file an Affidavit of Indigency (form available on the Bureau's website or any Bureau office) seeking a waiver of the fee. You must file the fully-completed Affidavit of Indigency *within ten calendar days* of filing the Notice of Appeal. **Failure to timely pay the filing fee or file the Affidavit of Indigency will result in dismissal of the appeal.**

3. You bear the responsibility of ensuring a complete record on appeal. You may request from the court clerk the audio recording of the hearing for a $25.00 fee. If a transcript of the proceedings is to be filed, a licensed court reporter must prepare the transcript and file it with the court clerk *within ten calendar days* of the filing the Notice of Appeal. Alternatively, you may file a statement of the evidence prepared jointly by both parties *within ten calendar days* of the filing of the Notice of Appeal. The statement of the evidence must convey a complete and accurate account of the hearing. The Workers' Compensation Judge must approve the statement before the record is submitted to the Appeals Board. If the Appeals Board is called upon to review testimony or other proof concerning factual matters, the absence of a transcript or statement of the evidence can be a significant obstacle to meaningful appellate review.

4. If you wish to file a position statement, you must file it with the court clerk within *five business days* after the deadline to file a transcript or statement of the evidence. The party opposing the appeal may file a response with the court clerk *within five business days* after you file your position statement. All position statements should include: (1) a statement summarizing the facts of the case from the evidence admitted during the expedited hearing; (2) a statement summarizing the disposition of the case as a result of the expedited hearing; (3) a statement of the issue(s) presented for review; and (4) an argument, citing appropriate statutes, case law, or other authority.

*For self-represented litigants: Help from an Ombudsman is available at 800-332-2667.*



**Filed Date Stamp Here**

**EXPEDITED HEARING NOTICE OF APPEAL**
Tennessee Division of Workers' Compensation
www.tn.gov/labor-wfd/wcomp.shtml
wc.courtclerk@tn.gov
1-800-332-2667

Docket #: _____

State File #/YR: _____

RFA #: _____

Date of Injury: _____

SSN: _____

_____

**Employee**

_____

**Employer and Carrier**

**Notice**

Notice is given that _____

[List name(s) of all appealing party(ies) on separate sheet if necessary]

appeals the order(s) of the Court of Workers' Compensation Claims at _____

_____ to the Workers' Compensation Appeals Board.

[List the date(s) the order(s) was filed in the court clerk's office]

**Judge**_____

**Statement of the Issues**

Provide a short and plain statement of the issues on appeal or basis for relief on appeal:

_____

_____

_____

**Additional Information**

**Type of Case** [Check the most appropriate item]

☐ Temporary disability benefits
☐ Medical benefits for current injury
☐ Medical benefits under prior order issued by the Court

**List of Parties**

**Appellant (Requesting Party):**_____At Hearing: ☐Employer ☐Employee

Address:_____

Party's Phone:_____ Email:_____

Attorney's Name:_____ BPR#: _____

Attorney's Address:_____ Phone: _____

Attorney's City, State & Zip code:_____

Attorney's Email:_____

*\* Attach an additional sheet for each additional Appellant \**

Employee Name: _____ SF#: _____ DOI: _____

## Appellee(s)

**Appellee (Opposing Party):** _____ At Hearing: ☐ Employer ☐ Employee

Appellee's Address: _____

Appellee's Phone: _____ Email: _____

Attorney's Name: _____ BPR#: _____

Attorney's Address: _____ Phone: _____

Attorney's City, State & Zip code: _____

Attorney's Email: _____

*\* Attach an additional sheet for each additional Appellee \**

## CERTIFICATE OF SERVICE

I, _____, certify that I have forwarded a true and exact copy of this Expedited Hearing Notice of Appeal by First Class, United States Mail, postage prepaid, to all parties and/or their attorneys in this case in accordance with Rule 0800-02-22.01(2) of the Tennessee Rules of Board of Workers' Compensation Appeals on this the _____ day of _____, 20__.

[Signature of appellant or attorney for appellant] _____



**Tennessee Bureau of Workers' Compensation**
**220 French Landing Drive, I-B**
**Nashville, TN 37243-1002**
**800-332-2667**

### AFFIDAVIT OF INDIGENCY

I, _____, having been duly sworn according to law, make oath that because of my poverty, I am unable to bear the costs of this appeal and request that the filing fee to appeal be waived. The following facts support my poverty.

1. Full Name:_____

2. Address: _____

3. Telephone Number: _____

4. Date of Birth: _____

5. Names and Ages of All Dependents:

_____ Relationship: _____

_____ Relationship: _____

_____ Relationship: _____

_____ Relationship: _____

6. I am employed by: _____

My employer's address is: _____

My employer's phone number is: _____

7. My present monthly household income, after federal income and social security taxes are deducted, is:

$ _____

8. I receive or expect to receive money from the following sources:

| | | | |
|---|---|---|---|
| AFDC | $ _____ | per month | beginning _____ |
| SSI | $ _____ | per month | beginning _____ |
| Retirement | $ _____ | per month | beginning _____ |
| Disability | $ _____ | per month | beginning _____ |
| Unemployment | $ _____ | per month | beginning _____ |
| Worker's Comp. | $ _____ | per month | beginning _____ |
| Other | $ _____ | per month | beginning _____ |

9. My expenses are:

Rent/House Payment $ _____ per month     Medical/Dental $ _____ per month

| | | |
|---|---|---|
| Groceries | $ _____ per month | Telephone | $ _____ per month |

Groceries     $ _____ per month     Telephone     $ _____ per month

Electricity     $ _____ per month     School Supplies $ _____ per month

Water     $ _____ per month     Clothing     $ _____ per month

Gas     $ _____ per month     Child Care     $ _____ per month

Transportation   $ _____ per month     Child Support   $ _____ per month

Car     $_____ per month

Other     $ _____ per month (describe: _____ )

10. Assets:

Automobile     $ _____     (FMV) _____

Checking/Savings Acct. $ _____

House     $ _____     (FMV) _____

Other     $ _____     Describe:_____

11. My debts are:

| Amount Owed | To Whom |
|---|---|
| _____ | _____ |
| _____ | _____ |
| _____ | _____ |
| _____ | _____ |

**I hereby declare under the penalty of perjury that the foregoing answers are true, correct, and complete and that I am financially unable to pay the costs of this appeal.**

_____
APPELLANT

Sworn and subscribed before me, a notary public, this

_____ day of _____, 20_____.

_____
NOTARY PUBLIC

My Commission Expires:_____

LB-1108 (REV 11/15)                RDA 11082